ARTHUR M. EIDELHOCH, Bar No. 168096
WILLIAM HAYS WEISSMAN Bar No. 178976
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendants
CENTRAL PARKING SYSTEMS, INC.;
NEW SOUTH PARKING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENSHALL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CENTRAL PARKING, INC.; NEW SOUTH PARKING, INC.,<br><br>　　　　　Defendants. | Case No.  C-07-cv-05097-JL<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:<br>Time: |

**PLEASE TAKE NOTICE THAT** on Wednesday _____, at 9:30 a.m., before the Honorable James Larson, United States District Court Judge, at Courtroom F of the United States District Court for the Northern District of California, located on the 15th Floor at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants Central Parking Systems, Inc. and New South Parking, will move this Court for an order dismissing Plaintiff's Complaint filed on September 6, 2007, in the Superior Court of the State of California in and for the County of San Mateo, and removed to this Court on October 3, 2007.

The Defendants' Motion to Dismiss is based upon Federal Rule of Civil Procedure 12(b)(6) in that the Complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION PURSUANT TO RULE 12
OF THE FEDERAL RULES OF CIVIL PROCEDURE

Case No.: C-07-cv-05097-JL

seeks a declaration that he is not a citizen of the United States and therefore not subject to the laws of the United States, and further that he has a right of employment with Defendants. Moreover, Plaintiff seeks to require Defendants to violate applicable federal laws. In addition, Plaintiff cannot state causes of action for wrongful termination because he was never an employee, breach of contract because there was no contract between Plaintiff and Defendants or negligent infliction of emotional distress because Defendants owed no duty to Plaintiff. Defendants contend that no averments were made that could support such relief, nor could the Complaint be amended to such support such claims.

In the alternative, Defendants move for an order requiring a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), in that the Complaint is so vague that Defendants cannot reasonably be required to frame a responsive pleading.

Defendants' motion is based upon this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, and such oral argument as may be had at the hearing.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff has until _____, to file and serve any opposition to Defendants' Motion.

Dated: October 9th, 2007

_____
WILLIAM HAYS WEISSMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants CENTRAL PARKING SYSTEMS, INC.; NEW SOUTH PARKING

Firmwide:83240658.1 800000.3500

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

2.

DEFENDANTS' NOTICE OF MOTION PURSUANT TO RULE 12 OF
THE FEDERAL RULES OF CIVIL PROCEDURE

Case No.: C-07-cv-05097-JL

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On October 9, 2007, I served the within document(s):

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 415.399.8490. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

ServiceList:   **William Henshall**, PO Box 281676, San Francisco, CA 94128-1676

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 9, 2007, at San Francisco, California.

*/s/ Tami Cato*
Tami Cato

Firmwide:83252259.1 800000.3500