ARTHUR M. EIDELHOCH, Bar No. 168096
WILLIAM HAYS WEISSMAN Bar No. 178976
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendants
CENTRAL PARKING SYSTEMS, INC.;
NEW SOUTH PARKING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENSHALL,<br><br>        Plaintiff,<br><br>v.<br><br>CENTRAL PARKING, INC.; NEW SOUTH PARKING, INC.,<br><br>        Defendants. | Case No. C-07-cv-05097-JL<br><br>**DEFENDANTS' UPDATED NOTICE OF PENDENCY OF RELATED ACTION (Civil L.R. 3-13)** |

**PLEASE TAKE NOTICE THAT** pursuant to Civil Local Rule 3-13, Defendants hereby update their prior Notice of Pendency of Other Action filed with this Court on October 3, 2007, as follows:

On October 16, 2007, the Honorable Susan Illston, in related case number 3:07-cv-04458-SI, granted Defendants' motion to dismiss with prejudice. A true and correct copy of the Judge Illston's Order is attached as Exhibit A and a true and correct copy of the judgment is attached as Exhibit B.

Judge Illston found that because Plaintiff conceded that he was born in Maryland, he is a citizen of the United States and therefore subject to its laws. As such, his arguments that he was not required to provide Defendants with his social security number, IRS form W-4 or DHS form I-9 were rejected, and Judge Illston further found that no amendment to Plaintiff's Petition could cure its defects to state a cognizable claim.

Similarly, this action contends that Defendants' refusal to allow Plaintiff to commence employment on the grounds that he refused to provide a social security number, IRS Form W-4 or DHS Form I-9 resulted in a wrongful termination, breach of contract and negligent infliction of emotional distress. Plaintiff seeks similar declaratory relief on the ground that as a "lawful de jure jus sanguinis & jus soli free white State Citizen" compliance with tax and immigration laws is voluntary for Plaintiff.

Currently pending before this Court is a motion to dismiss Plaintiff's Complaint, set for hearing on November 21, 2007. To the extent that Judge Illston has ruled that Plaintiff, having been born in Maryland, was a citizen of the United States subject to its laws, Defendants contend that this Court must follow such decision under the "law of the case" doctrine. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). "Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." (internal quotations and citation omitted).

Alternatively, his Complaint in this action is barred by collateral estoppel. "A federal court decision has preclusive effect where (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005). All of three of these elements are satisfied here. As such, Defendants' motion must be granted because the issue of his status as a United States citizen subject to the laws of the United States has previously been litigated and decided on the merits in an action involving the same parties. As a result, Plaintiff cannot prevail in this action either.

Dated: October 17, 2007

[signature]

WILLIAM HAYS WEISSMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants CENTRAL PARKING SYSTEMS, INC.; NEW SOUTH PARKING

Firmwide:83309189.1 800000.3500

2.

DEFENDANTS' NOTICE OF RELATED ACTION                                                                   Case No.:

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HENSHALL,

    Plaintiff,

v.

CENTRAL PARKING INC.; NEW SOUTH PARKING, INC.

    Defendants.

No. C-07-4458 SI

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

    Before the Court is defendants' motion to dismiss plaintiff's action pursuant to Rule 12 of the Federal Rules of Civil Procedure. The matter is scheduled for a hearing on October 19, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court hereby GRANTS defendants' motion and dismisses the action with prejudice.

## BACKGROUND

    On July 30, 2007, plaintiff filed a Petition for Declaratory and Injunctive Relief in San Mateo Superior Court. The case was removed to this court on August 28, 2007.

    Plaintiff, a prospective employee of defendants, challenges defendants' policy of requiring plaintiff to complete certain forms prior to the commencement of employment, namely: an Internal

Revenue Service form W-4, and a Department of Homeland Security form I-9. Plaintiff asserts that such a requirement violates his rights under the United States Constitution. Plaintiff seeks various forms of declaratory relief which would exempt plaintiff from complying with the tax and immigration laws of the United States.

Defendants move this Court to dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted. In the alternative, defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), arguing that the complaint is so vague that defendant cannot reasonably be required to frame a responsive pleading.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## DISCUSSION

Plaintiff's primary assertion is that he is not a citizen of the United States, and therefore not subject to federal laws relating to taxes, immigration and naturalization. Plaintiff alleges in his

2

complaint that he was born in the State of Maryland. Plaintiff's argument that he is not a citizen of the United States subject to its laws has been repeatedly rejected by the courts. *See, e.g., United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986); *United States v. Sloan*, 939 F.2d 499, 501 (7th Cir. 1991).

Similarly, plaintiff's other arguments have been previously raised and rejected by the courts: plaintiff's provision of a W-4 to a prospective employer is mandatory, *Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981); plaintiff is an "employee" for purposes of the Internal Revenue Code, *United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985); the Fifth Amendment right against self-incrimination does not allow plaintiff to refuse to provide his social security number and such other information as required by IRS Form W-4 and DHS Form I-9 to a prospective employer or employer, *United States v. Neff*, 615 F.2d 1235, 1241 (9th Cir. 1980); and there is no constitutional right to a position of private employment, *Board of Regents v. Roth*, 408 U.S. 564, 578 (1972).

Further, the courts have routinely upheld an employer's right to terminate an employee or otherwise not hire a prospective employee who refuses to provide a valid social security number or such other information as is required by an IRS Form W-4 or DHS Form I-9. *See, e.g., Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830-31 (9th Cir. 1999); *Cassano v. Garb*, 436 F.3d 74 (2d Cir. 2006); *Seaworth v. Pearson*, 203 F.3d 1056, 1057-58 (8th Cir. 2000).

Plaintiff is in effect asking this Court to order defendants to disregard their duties under federal law. This Court refuses to do so. *See Yisrael v. Per Scholas, Inc.*, 93 A.F.T.R.2d 2004-1708 (S.D.N.Y. 2004). Because plaintiff is a citizen of the United States subject to its laws, this Court finds that plaintiff's complaint fails to state a claim upon which relief could be granted and that no amendment to plaintiff's complaint would result in a cognizable cause of action. For this reason, the Court need not address defendants' alternative motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

3

## CONCLUSION

For the reasons stated above, and for good cause shown, defendants' motion is GRANTED (Docket No. 4). Plaintiff's action is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: October 16, 2007

SUSAN ILLSTON
United States District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HENSHALL,

    Plaintiff,

v.

CENTRAL PARKING INC.; NEW SOUTH PARKING, INC.

    Defendants.

No. C-07-4458 SI

**JUDGMENT**

Defendants' motion to dismiss has been granted without leave to amend. Judgment is entered accordingly.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: October 16, 2007

SUSAN ILLSTON
United States District Judge

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On October 17, 2007, I served the within document(s):

**DEFENDANT'S UPDATED NOTICE OF PENDENCY OF RELATED ACTION (Civil L.R. 3-13)**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 415.399.8490. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

**William Henshall,**
PO Box 281676
San Francisco, CA 94128-1676

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

PROOF OF SERVICE                                           Case No.: 05097-JL

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on October 17, 2007, at San Francisco, California.

*Christina Jones*
Christina Jones

Firmwide:83252259.1 800000.3500