1  ARTHUR M. EIDELHOCH, Bar No. 168096
   WILLIAM HAYS WEISSMAN Bar No. 178976
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
4  Telephone:    415.433.1940
   Facsimile:    415.399.8490
5
   Attorneys for Defendants
6  CENTRAL PARKING SYSTEMS, INC.;
   NEW SOUTH PARKING
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 WILLIAM HENSHALL,                    Case No.  C-07-cv-05097-WHA

12          Plaintiff,                  **DEFENDANTS' MEMORANDUM OF
                                        POINTS AND AUTHORITIES IN
13     v.                               SUPPORT OF DEFENDANTS' MOTION
                                        TO DISMISS PURSUANT TO RULE 12 OF
14 CENTRAL PARKING, INC.; NEW           THE FEDERAL RULES OF CIVIL
   SOUTH PARKING, INC.,                 PROCEDURE**
15
          Defendants.                   Date: December 13, 2007
16                                       Time: 8:00 am

17

18

19 I.    **STATEMENT OF FACTS**

20          Plaintiff has never been an employee of Defendants, but rather was an employee of Ampco

21 Parking, Inc. (Complaint, p. 6.) Ampco lost its contract to manage the parking services at SFO, and

22 Defendant New South Parking was awarded the contract.  Plaintiff applied for a position with

23 Defendant New South Parking.  However, Plaintiff declined to provide pre-employment information

24 as required by the Internal Revenue Code (Title 26 of the United States Code) and the Aliens and

25 Nationality Code (Title 8 of the United States Code) and their concomitant regulations. (Complaint,

26 pp. 8, 12.)

27          Plaintiff asserts that disclosure of such information is voluntary because he is a "lawful de

28 jure jus sanguinis & jus soli free white State Citizen," rather than a citizen of the United States

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT
TO RULE 12                                              Case No.: C-07-cv-05097-WHA

1   within the meaning of Article 1 of the Fourteenth Amendment to the United States Constitution.

2   (Complaint, p. 17.) As a result, Defendants declined to hire him.

3        Plaintiff filed a Petition for Declaratory and Injunctive Relief on July 30, 2007, in the

4   Superior Court of the State of California in and for the County of San Mateo. Defendants removed it

5   to this Court on August 28, 2007. It was assigned to the Honorable Susan Illston. Defendants

6   thereafter filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Such

7   motion was granted on October 16, 2007.

8        Subsequently Plaintiff filed a complaint in Superior Court of the State of California, County

9   of San Mateo, on September 6, 2007, alleging wrongful termination, negligent infliction of

10   emotional distress and breach of contract based on the same basic facts and circumstances as his July

11   30, 2007, Petition. On October 3, 2007, Defendants removed the Complaint to this Court.

12   Defendants now move to dismiss the Complaint in its entirety.

13   **II.**    **ARGUMENT**

14       **A.**    **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF**

15           **CAN BE GRANTED (FED. R. CIV. PROC. 12(b)(6))**

16        The Complaint does not set forth any cognizable cause of action. Plaintiff asserts that he is a

17   "lawful de jure jus sanguinis & jus soli free white State Citizen" rather than a citizen of the United

18   States within the meaning of Article 1 of the Fourteenth Amendment to the United States

19   Constitution. Therefore, he asserts that he is not required to provide Defendants with a social

20   security number, Internal Revenue Service (IRS) Form W-4 or Department of Homeland Security

21   (DHS) Form I-9 for purposes of employment; rather, he asserts that they are voluntary. As such,

22   because Defendants declined to hire Plaintiff as a result of Plaintiff's failure to provide this

23   information, Plaintiff contends that they wrongfully terminated him, breached a contract and

24   negligently inflicted emotional distress against him.

25                **1.**    **Plaintiff cannot state a claim for wrongful termination.**

26        The caption to Plaintiff's Complaint asserts that it claims wrongful termination. A claim of

27   wrongful discharge is an except to the general rules of at will employment. *Phillips v. St. Mary*

28   *Regional Medical Ctr.*, 96 Cal. App. 4th 218, 225 (2002). There must be a public policy that

2.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT
TO RULE 12                       Case No.: C-07-cv-05097-WHA

1    prevents such discharge. *Id.* "To support a wrongful discharge claim, the policy must be (1)

2    delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to

3    the benefit of the public' rather than serving merely the interest of the individual; (3) well

4    established at the time of the discharge; and (4) substantial and fundamental." *Id.*, at 226 (internal

5    quotations and citations omitted).

6        In order for Plaintiff to be able to prevail, he must have been employed by Defendants. The

7    indisputable facts demonstrate that he was never an employee of Defendants. Therefore, he could

8    not demonstrate that he was "discharged" as required by the cause of action.

9        Further, it is well established that there is no right to private employment. *Board of Regents*

10    *v. Roth*, 408 U.S. 564, 578 (1972). The courts have repeatedly upheld an employer's right to

11    terminate an employee or otherwise not hire a prospective employee that refuses to provide a social

12    security number or such other information that is required by an IRS Form W-4 or DHS Form I-9.

13    *See, e.g., Cassano v. Carb*, 436 F.3d 74 (2d Cir. 2006) (rejecting equal protection claim because

14    "defendants' policy of requiring SSNs applied equally to all employees and was also a necessary

15    consequence of defendants' obligations under federal law."); *Seaworth v. Pearson*, 203 F.3d 1056,

16    1057-58 (8th Cir. 2000); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830-31 (9th Cir.

17    1999); *Yisrael v. Per Scholas, Inc.*, 93 A.F.T.R.2d 2004-1708 (S.D.N.Y. 2004).

18        Even if Plaintiff is correct that providing a social security number, IRS Form W-4 or DHS

19    Form I-9 is voluntary, and Plaintiff could be imputed to have employment with Defendants, they are

20    still entitled to require such information and to terminate him (or, in this case, decline to hire him)

21    based on his refusal to provide such information.

22        Therefore, no constitutional or statutory provision is violated by Defendants' conduct, nor

23    can Plaintiff demonstrate that any benefit inures to the public rather than him personally.   As such,

24    the Complaint cannot establish that Defendants refusal to hire Plaintiff meets the elements of a

25    wrongful discharge cause of action.

26        **2.    Plaintiff cannot establish a breach of contract because there was no
             contract between the parties.**

27        Plaintiff also appears to assert that there was a breach of contract. However, Plaintiff fails to

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT
TO RULE 12

Case No.: C-07-cv-05097-WHA

1  allege that there was a contract, the terms of the contract, or how such contract was breached.

2      In any event, it is not possible for Plaintiff to allege a breach of a contract of employment

3  because, as explained, Plaintiff was never an employee of Defendants, who refused to hire him as a

4  result of his refusal to provide information required by law. As such, it is not possible for Plaintiff to

5  allege a breach of contract.

6      **3.    Plaintiff cannot state a claim for negligent infliction of emotional distress.**

7      Plaintiff also appears to allege negligent infliction of emotional distress. It is well

8  established that "there is no independent tort of negligent infliction of emotional distress." *Potter v.*

9  *Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). Rather, "the tort is negligence, a cause of

10  action in which duty to the plaintiff is an essential element." *Id.* Thus, "unless the defendant has

11  assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is

12  available only if the emotional distress arises out of the defendant's breach of some other legal duty

13  and the emotional distress is proximately caused by that breach of duty." *Id.*, at 985.

14      Here, Defendants have no duty to Plaintiff that could support a cause of action for negligent

15  infliction of emotional distress because they have no duty to hire Plaintiff. *Roth*, 408 U.S. at 578.

16  Further, as noted, even if Plaintiff is correct that the information requested is voluntary, Defendants

17  are still entitled to require Plaintiff to supply such information as a condition of employment.

18      In any event, Plaintiff's claims would be preempted by the Worker's Compensation Act. See

19  *Livitsanos v. Superior Court*, 2 Cal. 4th 744 (1992); *Camargo v. Tjaaldo Dairy*, 25 Cal. 4th 1235

20  (2001) (workers compensation preempts negligent hiring cause of action). As such, his cause of

21  action for negligent infliction of emotional distress cannot succeed.

22      **4.    The Fourteenth Amendment clearly establishes that Plaintiff is a citizen**
                   **of the United States and therefore subject to its laws.**

23

24      Plaintiff contends that he is not a citizen of the United States within the meaning of Article 1

25  of the Fourteenth Amendment to the United States Constitution. (Complaint, p. 17.) However, he

26  also attached his birth certificate attesting to the fact that he was born in the State of Maryland.

27  (Complaint, Ex. E.)

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT
TO RULE 12

Case No.: C-07-cv-05097-WHA

1    Article 1 of the Fourteenth Amendment to the United States Constitution states in pertinent

2    part that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction

3    thereof, are citizens of the United States and of the State wherein they reside. " Thus, contrary to

4    Plaintiff's contention, Article 1 of the Fourteenth Amendment establishes simultaneous state and

5    federal citizenship.  Since Plaintiff was born in Maryland, he is a United States citizen.

6    In the alternative, Plaintiff contends that the Fourteenth Amendment was never properly

7    ratified and therefore does not apply to him.  (Complaint, pp. 25-26.) This argument also fails.  In a

8    case that ultimately dealt with the ratification of the Child Labor Amendment to the United States

9    Constitution, the United States Supreme Court, by way of example, discussed the ratification of the

10   Fourteenth Amendment.  The Supreme Court stated that whether the Fourteenth Amendment was

11   properly ratified was a political question and hence was not subject to judicial determination.

12   *Coleman v. Miller*, 307 U.S. 433, 450 (1939).

13   Because the ratification of a constitutional amendment is a political question, the Secretary of

14   State's certification that the required number of states have ratified an amendment is binding on the

15   courts. See *Leser v. Garnett*, 258 U.S. 130, 137 (1922) (Secretary of State's certification that the

16   Nineteenth Amendment had been ratified by the requisite number of state legislatures was

17   conclusive upon the courts); *United States v. Stahl*, 792 F.2d 1438, 1439 (9th Cir. 1986), *cert.*

18   *denied*, 479 U.S. 1036 (1987) (Secretary of State's certification that the Sixteenth Amendment was

19   properly ratified was conclusive upon the courts).

20   In the case of the Fourteenth Amendment, Secretary of State William J. Seward certified that

21   the required number of states ratified the Amendment on July 28, 1868. 15 Stat. 708 (1867-69).

22   Thus, the Court is bound by the certification and must conclusively treat the Fourteenth Amendment

23   as having been properly ratified. Plaintiff's argument, generously construed, that there was fraud in

24   the ratification process does not alter that conclusion. *Stahl*, 702 F.2d at 1440.

25   **5.    Claims by individuals that they are not citizens of the United States**
     **subject to its laws have been routinely dismissed by the courts.**
26

27   Plaintiff's claims all arise from the premise that he is only a citizen of California and not the

28   United States.  Claims by individuals that they are not citizens of the United States but are solely

5.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT
TO RULE 12

Case No.: C-07-cv-05097-WHA

1   citizens of a sovereign state or not otherwise subject to federal law have been uniformly rejected by

2   the courts, most notably in the area of federal taxation. *See, e.g.*, *O'Driscoll v. I.R.S.*, 1991 U.S. Dist.

3   LEXIS 9829, at *5-6 (E.D. Pa. 1991) ("despite [taxpayer's] linguistic gymnastics, he is a citizen of

4   both the United States and Pennsylvania, and liable for federal taxes"); *United States v. Sloan*, 939

5   F.2d 499, 500 (7th Cir. 1991), *cert. denied*, 502 U.S. 1060, reh'g denied, 503 U.S. 953 (1992)

6   (affirming a tax evasion conviction and rejecting taxpayer's argument that the federal tax laws did

7   not apply to him because he was a "freeborn, natural individual, a citizen of the State of Indiana, and

8   a 'master' - not 'servant' - of his government"); *United States v. Ward*, 833 F.2d 1538, 1539 (11th

9   Cir. 1987), *cert. denied*, 485 U.S. 1022 (1988) (rejecting Ward's contention that he was not an

10  "individual" located within the jurisdiction of the United States as "utterly without merit" and

11  affirming his conviction for tax evasion); *United States v. Sileven*, 985 F.2d 962 (8th Cir. 1993)

12  (rejecting the argument that the district court lacked jurisdiction because the taxpayer was not a

13  federal citizen as "plainly frivolous"); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993)

14  (rejecting the Gerads' contention that they were "not citizens of the United States, but rather 'Free

15  Citizens of the Republic of Minnesota' and, consequently, not subject to taxation" and imposing

16  sanctions "for bringing this frivolous appeal based on discredited, tax-protestor arguments");

17  *Solomon v. Commissioner*, T.C. Memo. 1993-509, 66 T.C.M. (CCH) 1201, 1202-03 (1993)

18  (rejecting Solomon's argument that as an Illinois resident his income was from outside the United

19  States, stating "[he] attempts to argue an absurd proposition, essentially that the State of Illinois is

20  not part of the United States. His hope is that he will find some semantic technicality which will

21  render him exempt from Federal income tax, which applies generally to all U.S. citizens and

22  residents. [His] arguments are no more than stale tax protester contentions long dismissed summarily

23  by this Court and all other courts which have heard such contentions."); *Brown v. United States*, 35

24  Fed. Cl. 258, 269 (1996); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) ("Studley

25  contends that she is not a 'taxpayer' because she is an absolute, freeborn and natural individual. This

26  argument is frivolous.").

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

6.

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT
TO RULE 12

Case No.: C-07-cv-05097-WHA

### 6. Federal law requires a prospective employee to provide a W-4 to his or her prospective employer.

Plaintiff contends that an IRS Form W-4 is voluntary. (Complaint, p. 17.) To the contrary, the Internal Revenue Code (IRC) expressly provides that "on or before the date of commencement of employment with an employer, the employee *shall* furnish the employer with a signed withholding exemption certificate relating to the number of withholding exemptions which he claims, which shall in no event exceed the number to which he is entitled." IRC § 3402(f)(2)(a) (emphasis added). Such withholding exemption certificate is commonly referred to as an IRS Form W-4. A completed IRS W-4 *must* include the employee's Social Security Number. Treas. Reg. § 31.3402(f)(2)-1(d) (every individual "*shall* include such number on any withholding exemption certificate filed with an employer.") (emphasis added).

Thus, contrary to Plaintiff's contention that an IRS Form W-4 is voluntary, it is in fact required, and it must include the Plaintiff's social security number. See *Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981) ("Treasury Regulation s 31.3402(f)(2)-1 (1979) requires an employee to file a W-4 with the employer upon commencement of employment."). Further, even if it were voluntary, Defendants are entitled to insist upon Plaintiff providing such information.

### 7. Plaintiff Has No Fifth Amendment Privilege That Allows Him To Refuse To Supply The Required Information.

Plaintiff contends that the United States Constitution's Fifth Amendment privilege against self-incrimination protects him from providing the required information. (Complaint, p. 18.) This argument has likewise been repeatedly rejected by the courts. While the argument most often arises in the context of an individual's refusal to file an income tax return or provide information on an income tax return, the law and rationale are equally applicable to a refusal to provide the information required on an IRS Form W-4 or DHS Form I-9. *See, e.g., United States v. Sullivan*, 274 U.S. 259, 264 (1927) (stating that the taxpayer "could not draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law"); *United States v. Schiff*, 612 F.2d 73, 83 (2d Cir. 1979) ("[T]he Fifth Amendment privilege does not immunize all witnesses from testifying. Only those who assert as to each

7.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

**DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT TO RULE 12**                    Case No.: C-07-cv-05097-WHA

1  particular question that the answer to that question would tend to incriminate them are protected . . .

2  [T]he questions in the income tax return are neutral on their face . . . [h]ence privilege may not be

3  claimed against all disclosure on an income tax return."); *United States v. Brown*, 600 F.2d 248, 252

4  (10th Cir. 1979); *United States v. Neff*, 615 F.2d 1235, 1241 (9th Cir.), *cert. denied*, 447 U.S. 925

5  (1980); *United States v. Daly*, 481 F.2d 28, 30 (8th Cir.), *cert. denied*, 414 U.S. 1064 (1973); *Sochia*

6  *v. Commissioner*, 23 F.3d 941 (5th Cir. 1994), *cert. denied*, 513 U.S. 1153 (1995).

7
8

**8.    Plaintiff has a legal obligation to complete a DHS Form I-9 prior to commencing employment.**

9  Plaintiff argues that completing a DHS Form I-9 is voluntary. (Complaint, at p. 17). To the

10  contrary, federal law requires Plaintiff to complete Section 1 of DHS Form I-9 on or before the first

11  day of *hire*, defined as "the actual commencement of employment for wages or other remuneration."

12  8 C.F.R. § 274.1(c). Further, even if it were voluntary, Defendants are entitled to insist upon

13  Plaintiff providing such information.

14
15

**9.    Defendants have affirmative legal obligations to obtain information from Plaintiff prior to the commencement of employment.**

16  Federal law places requirements upon employers that are separate and distinct from those

17  placed upon employees and prospective employees. Specifically, the IRC requires an employer to

18  withhold income taxes, Social Security taxes and Medicare taxes from all "wages" paid at the time

19  of payment, and holds an employer liable for its failure to do so. *E.g.*, IRC §§ 3102(a), 6672; Treas.

20  Reg. § 31.3101-3. An employer does so by collecting a W-4 from the employee that contains his or

21  her social security number. An employer is indemnified by the IRC against claims made by an

22  employee for withholding and remitting employment taxes to the government. IRC § 3403.

23  Similarly, employers are obligated to complete Section 2 of the DHS Form I-9 within three

24  business days of hire and attest, under penalty of perjury, that it has examined original

25  documentation presented by the employee, that such documentation "appears on its face to be

26  genuine" and relates to the named individual, and that to the best of the employer's knowledge the

27  employee is authorized to work in the United States.

28  Plaintiff in effect seeks to have Defendants violate their own legal obligations on Plaintiff's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2893
415.433.1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT
TO RULE 12

Case No.: C-07-cv-05097-WHA

1   behalf by ignoring applicable provisions of federal law.  This Court should not require Defendants to

2   violate the law to aid and abet Plaintiff in his violation of federal law.  See *Yisrael v. Per Scholas,*

3   *Inc.*, 93 A.F.T.R.2d 2004-1708  (S.D.N.Y. 2004) (because providing a social security number is

4   required by federal law, the defendant/employer could not be placed in the position of being exposed

5   to criminal charges for complying with those legal requirements in order to accommodate plaintiff's

6   religious belief that he is not obligated to pay income taxes.).

### B.    IN THE ALTERNATIVE, THE COMPLAINT IS VAGUE AND REQUIRES A MORE DEFINITE STATEMENT (FED. R. CIV. PROC. 12(e))

9        In the alternative, Defendants move for an order requiring a more definite statement because

10  the Complaint is "is so vague or ambiguous that [Defendants] cannot reasonably be required to

11  frame a responsive pleading, . . . ." Fed. R. Civ. Proc. 12(e).  Here, the Complaint is indefinite as

12  follows:

13       1.    Plaintiff asserts that he requested additional information regarding the lawfulness of

14  IRS Form W-4 and DHS Form I-9 from Defendants.  He fails to state what additional information he

15  requested or should be provided, nor does he state what legal obligation Defendants had to provide

16  such information or under what law or theory he was entitled to such information.

17       2.    Plaintiff fails to allege any facts indicating he was ever an employee of Defendants or

18  that Defendants owed him any legal obligation to employ him or that would require Defendants to

19  hire him and pay him back wages for a period of time prior to any employment.

20       3.    The Complaint fails to comply with Federal Rule of Civil Procedure 10(b) in that

21  there are no numbered paragraphs.

22       4.    The Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e) in

23  that there is no short, concise and direct statement of the grounds upon which the court's jurisdiction

24  rests and no short, concise and direct statement of the claims showing entitlement to relief, nor any

25  statement relating to a contract between the parties.

### C.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

28       Plaintiff's Complaint should be dismissed without leave to amend because it is not possible

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT TO RULE 12                    Case No.: C-07-cv-05097-WHA

1  for him to state a claim upon which relief can be granted. Specifically, Plaintiff's Complaint is

2  predicated upon the notion that he can be declared a "free white State Citizen" beyond the reach of

3  the laws of the United States and, therefore, that he should not be required to provide certain

4  information which federal law requires as a pre-condition to employment. Moreover, Plaintiff

5  improperly seeks an Order which would require Defendants to disregard their pre-employment, legal

6  obligations. No amendment to the Complaint can allow for any cognizable claim to such status.

7    Further, he has no entitlement to private employment from Defendants, and cannot state a

8  basis on which he could be entitled to such employment. Thus, he cannot state a claim for wrongful

9  termination or breach of contract. Also, because Defendants owe no duty to Plaintiff, he cannot state

10  a claim for negligent infliction of emotional distress. No amendment to the Complaint could

11  establish Plaintiff's right to private employment with Defendants or any cause of action against

12  Defendants, and therefore, the Complaint should be dismissed without leave to amend.

13

14  **III.  CONCLUSION**

15    Because Plaintiff cannot be declared a "free white State Citizen" who is not subject to the

16  laws of the United States, which is the real basis for his Complaint, and Plaintiff otherwise has no

17  right to private employment with Defendants, and thus cannot state any basis upon which relief can

18  be granted, Plaintiff's Complaint should be dismissed without leave to amend.

19  Dated: October 31, 2007

20

21

22  WILLIAM HAYS WEISSMAN
   LITTLER MENDELSON
   A Professional Corporation
   Attorneys for Defendants CENTRAL
   PARKING SYSTEMS, INC.; NEW SOUTH
   PARKING, INC.

23

24

25

26  Firmwide:83475519.1 800000.3500

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT
TO RULE 12                                                Case No.: C-07-cv-05097-WHA