ARTHUR M. EIDELHOCH, Bar No. 168096
WILLIAM HAYS WEISSMAN Bar No. 178976
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendants
CENTRAL PARKING SYSTEMS, INC.;
NEW SOUTH PARKING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENSHALL,<br><br>                    Plaintiff,<br><br>     v.<br><br>CENTRAL PARKING, INC.; NEW SOUTH PARKING, INC.,<br><br>                    Defendants. | Case No. C-07-cv-05097 WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT**<br><br>Date:         December 6, 2007<br>Time:        8:00 a.m.<br>Courtroom: 9, 19th Floor |

       Defendants Central Parking, Inc. and New South Parking hereby oppose Plaintiff's Motion to Remand this case to state court. The basic thrust of Plaintiff's Remand Motion is that this Court has no jurisdiction over Plaintiff himself because he is a "lawful de jure jus sanguinis & jus soli free white State Citizen," rather than a citizen of the United States within the meaning of Article 1 of the Fourteenth Amendment to the United States Constitution. Plaintiff contends he is not subject to the laws of the United States, and therefore, the federal courts have no jurisdiction over him or his complaints. This argument is frivolous.

       Plaintiff concedes in his Complaint that he was born in the State of Maryland. (Complaint, Ex. E.) Article 1 of the Fourteenth Amendment to the United States Constitution states in pertinent part that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND TO STATE COURT

Case No.: C-07-cv-05097 WHA

thereof, are citizens of the United States and of the State wherein they reside. " Thus, contrary to Plaintiff's contention, Article 1 of the Fourteenth Amendment establishes simultaneous state and federal citizenship. Since Plaintiff was born in Maryland, he is a United States citizen.

Nonetheless, Plaintiff contends that this Court cannot determine his status as a "lawful de jure jus sanguinis & jus soli free white State Citizen." However, the federal courts clearly have jurisdiction to entertain questions of citizenship that arise under the United States Constitution as well as the federal constitution's application to particular individuals. That numerous federal courts have considered and rejected the very same contention that Plaintiff makes here – often in the context of federal taxes - exemplifies that this Court has subject matter jurisdiction. *See, e.g., O'Driscoll v. I.R.S.*, 1991 U.S. Dist. LEXIS 9829, at *5-6 (E.D. Pa. 1991) ("despite [taxpayer's] linguistic gymnastics, he is a citizen of both the United States and Pennsylvania, and liable for federal taxes"); *United States v. Sloan*, 939 F.2d 499, 500 (7th Cir. 1991), *cert. denied*, 502 U.S. 1060, reh'g denied, 503 U.S. 953 (1992) (affirming a tax evasion conviction and rejecting taxpayer's argument that the federal tax laws did not apply to him because he was a "freeborn, natural individual, a citizen of the State of Indiana, and a 'master' - not 'servant' - of his government"); *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987), *cert. denied*, 485 U.S. 1022 (1988) (rejecting Ward's contention that he was not an "individual" located within the jurisdiction of the United States as "utterly without merit" and affirming his conviction for tax evasion); *United States v. Sileven*, 985 F.2d 962 (8th Cir. 1993) (rejecting the argument that the district court lacked jurisdiction because the taxpayer was not a federal citizen as "plainly frivolous"); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting the Gerads' contention that they were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation" and imposing sanctions "for bringing this frivolous appeal based on discredited, tax-protestor arguments"); *Solomon v. Commissioner*, T.C. Memo. 1993-509, 66 T.C.M. (CCH) 1201, 1202-03 (1993) (rejecting Solomon's argument that as an Illinois resident his income was from outside the United States, stating "[he] attempts to argue an absurd proposition, essentially that the State of Illinois is not part of the United States. His hope is

2.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND TO STATE COURT

Case No.: C-07-cv-05097 WHA

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

that he will find some semantic technicality which will render him exempt from Federal income tax, which applies generally to all U.S. citizens and residents. [His] arguments are no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions."); *Brown v. United States*, 35 Fed. Cl. 258, 269 (1996); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) ("Studley contends that she is not a 'taxpayer' because she is an absolute, freeborn and natural individual. This argument is frivolous.").

Further, Plaintiff contends that application of federal income tax laws and immigration laws are voluntary. (Complaint, p. 17.) To the contrary, for example, the Internal Revenue Code (IRC) expressly provides that "on or before the date of commencement of employment with an employer, the employee *shall* furnish the employer with a signed withholding exemption certificate relating to the number of withholding exemptions which he claims, which shall in no event exceed the number to which he is entitled." IRC § 3402(f)(2)(a) (emphasis added). Such withholding exemption certificate is commonly referred to as an IRS Form W-4. A completed IRS W-4 *must* include the employee's Social Security Number. Treas. Reg. § 31.3402(f)(2)-1(d) (every individual "*shall* include such number on any withholding exemption certificate filed with an employer.") (emphasis added). Thus, whether Plaintiff's contention that an IRS Form W-4 is voluntary is really a federal question that the federal courts have and may address under their subject matter jurisdiction. See *Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981) ("Treasury Regulation s 31.3402(f)(2)-1 (1979) requires an employee to file a W-4 with the employer upon commencement of employment.").

Also, Plaintiff does not dispute that the parties are diverse, nor does he contend that the amount in controversy is less than $75,000. Therefore, this Court also has jurisdiction based on federal diversity jurisdiction.

Therefore, this Court properly has subject matter jurisdiction over this matter because Plaintiff's complaint raises a substantial federal question: whether he is a citizen of the United States within the meaning of the United States Constitution. It also challenges the proper application of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND TO STATE COURT

Case No.: C-07-cv-05097 WHA

federal law to him as either mandatory or voluntary. Further, the parties also meet the requirements for diversity and Plaintiff's Complaint meets the minimum statutory threshold amount in controversy. Plaintiff's Motion to Remand should be denied.

Dated: November 7, 2007

_____
WILLIAM HAYS WEISSMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants CENTRAL
PARKING SYSTEMS, INC.; NEW SOUTH
PARKING

Firmwide:83472666.1 024404.1045

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND TO STATE COURT

Case No.: C-07-cv-05097 WHA