ARTHUR M. EIDELHOCH, Bar No. 168096
WILLIAM HAYS WEISSMAN Bar No. 178976
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendants
CENTRAL PARKING SYSTEMS, INC.;
NEW SOUTH PARKING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENSHALL,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL PARKING, INC.; NEW SOUTH PARKING, INC.,<br><br>    Defendants. | Case No. 3:07-cv-5097 WHA<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:    December 6, 2007<br>Time:    8:00 a.m.<br>Courtroom: 9, 19th Floor |

    Plaintiff filed a motion to Strike Defendants' Motion to Dismiss Plaintiff's Petition. Defendants have treated this as an opposition to the Defendants' Motion to Dismiss, and hereby reply.

    Plaintiff asserts two grounds for his Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f): first, the Defendants' Motion to Dismiss is premature; and second, the Defendants' Motion to Dismiss is specious, frivolous and spurious. Neither contention is correct.

**Motion to dismiss timely filed and not premature**

    Plaintiff complains that Defendants' Motion to Dismiss is premature because the time to file a remand motion had not expired. A removed action may be dismissed if the complaint fails to state a claim upon which relief can be granted. *Seal v. Industrial Elec., Inc.*, 362 F.2d 788 (5th Cir. 1966). The time for filing a motion to dismiss is governed in part by Federal Rule of Civil Procedure 81(c),

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' MOTION TO DISMISS

Case No.: 3:07-cv-5097 WHA

which states that when an action is removed from state court to federal court, a responsive pleading must be filed within the later of 20 days after receipt of service of the initial complaint or within five days of removing the action.

Here, Defendants complied with that Rule by removing the action on October 3, 2007, and filing its responsive pleadings – a motion to dismiss – on October 5, 2007, which is within the five days allowed under rule 81(c). Had Defendants filed their motion to dismiss more than five days after removing the Complaint their Motion to Dismiss would have been untimely. Thus, even though the time to file a remand motion had not expired, Defendants were required to file their Motion to Dismiss within the time period in which it was filed or it would have been late. Therefore, Defendants Motion to Dismiss was not premature, but rather was timely filed.

**Motion to dismiss is not specious, frivolous and spurious**

Most of Plaintiff's Motion to Strike asserts that Defendants' Motion to Dismiss is immaterial, irrelevant, frivolous, specious and spurious. Rule 12(f) states that a motion to strike may be used to strike from a pleading "redundant, immaterial, impertinent or scandalous" material.

Courts have consistently disfavored motions to strike affirmative defenses. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Generally, such motions will only be granted if the affirmative defenses are "patently defective and could not succeed under any circumstances." *Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993).

Here, Defendants merely assert the affirmative defense that Plaintiff's Complaint fails to set forth any causes of action. Such questions may properly be raised by a motion to dismiss pursuant to Rule 12(b). Whether or not Plaintiff agrees with such contention is irrelevant to the determination of whether Defendants have proper plead such an affirmative defense.

In addition, much of what Plaintiff complains of simply do not rise to the level of a Rule 12(f) motion. For example, Plaintiff complains that Defendants cite cases of the United States Tax Court, which Plaintiff appears to allege is an invalid tribunal or otherwise without authority, and that other authorities cited by Defendants do not bind this Court. These complaints, even if true, do not fail within the standard under Rule 12(f) of material that is "redundant, immaterial, impertinent or scandalous." In other words, while Plaintiff obviously disagrees with Defendants that his Complaint

2.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' MOTION TO DISMISS

Case No.: 3:07-cv-5097 WHA

is defective, he has not shown that Defendants' Motion to Dismiss is properly subject to a Motion to Strike pursuant to Rule 12(f).

Defendants filed their Motion to Dismiss within the time required under the Federal Rules of Civil Procedure, and their Motion to Dismiss does not contain material that is "redundant, immaterial, impertinent or scandalous" within the meaning of Rule 12(f). Therefore, for the reasons set forth in their Motion to Dismiss, Plaintiff's Complaint should be dismissed without leave to amend.

Dated: November 7, 2007

_____
WILLIAM HAYS WEISSMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants CENTRAL PARKING SYSTEMS, INC.; NEW SOUTH PARKING

Firmwide:83251936.1 800000.3500

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.

DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' MOTION TO DISMISS

Case No.: 3:07-cv-5097 WHA