IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENSHALL,<br><br>　　　　　Plaintiff,<br>　v.<br><br>CENTRAL PARKING, INC.; NEW SOUTH PARKING, INC.,<br><br>　　　　　Defendants.　　　　　　　　／ | No. C 07-05097 SI<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION TO REMAND AND MOTION TO STRIKE, AND GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

Now before the Court are plaintiff's application to proceed *in forma pauperis* ("IFP"), plaintiff's motion to remand to state court, plaintiff's motion to strike, and defendants' motion to dismiss. The motion to dismiss is scheduled for a hearing on February 1, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the arguments and the papers submitted, the Court hereby GRANTS plaintiff's IFP application, DENIES plaintiff's motion to remand and motion to strike, and GRANTS defendants' motion to dismiss.

**BACKGROUND**

On September 6, 2007, plaintiff William Henshall filed a complaint against defendants Central Parking and New South Parking in San Mateo Superior Court. Defendants removed the case to this Court on October 3, 2007. Plaintiff, a prospective employee of defendants, challenges defendants' policy of requiring plaintiff to complete a W-4 form and an I-9 form prior to the commencement of employment. Plaintiff asserts that such a requirement violates his rights under the United States

Constitution. Plaintiff seeks various forms of injunctive and monetary relief which would exempt him from complying with the tax and immigration laws of the United States, including reinstatement to his job, compensatory damages for his lost work time, compensatory damages for the loss of plaintiff's home, and other damages. Although it seeks slightly different relief, this suit is largely identical to a prior suit filed by plaintiff against the same defendants, which this Court dismissed without leave to amend on October 16, 2007. *See Henshall v. Central Parking, Inc.*, No. 07-4458 SI, Docket No. 13.

Currently before the Court is plaintiff's motion to remand to state court as well as plaintiff's motion to strike defendants' motion to dismiss. Also before the Court is defendants' motion to dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted. In the alternative, defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), arguing that the complaint is so vague that defendants cannot reasonably be required to frame a responsive pleading.

## LEGAL STANDARD

IFP applications are reviewed under a two-part analysis under 28 U.S.C. § 1915. This analysis looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without first paying a filing fee. 28 U.S.C. § 1915(a)(1). The second stage of the analysis examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court may, "at any time," dismiss an IFP claim if it determines that "the allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . .").

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

2

fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

**DISCUSSION**

**I.     Plaintiff's IFP application**

The first stage of IFP analysis requires that a plaintiff file an affidavit describing the totality of the plaintiff's assets and stating that the plaintiff is unable to pay the required fee. 28 U.S.C. § 1915(a)(1). Plaintiff has filed such an affidavit, indicating that he has no assets and is unemployed. Assuming that plaintiff is being truthful in his IFP application, plaintiff is within the parameters necessary to grant an IFP application. Accordingly, his application to proceed without the payment of a filing fee is GRANTED.

The Court's grant of plaintiff's IFP application does not mean, however, that he may continue to prosecute his complaint. The Court may review "at any time" plaintiff's complaint to determine whether it states a cognizable cause of action against the defendants. 28 U.S.C. § 1915(e)(2). Here, defendants have also moved to dismiss plaintiff's complaint, so the Court will address this issue below.

**II.    Motion to remand to state court**

After defendants removed this case to federal court, plaintiff filed a motion to remand to state court. Although plaintiff's motion, like the rest of his papers, is largely incomprehensible, plaintiff's argument appears to boil down to the assertion that this Court lacks subject matter jurisdiction because plaintiff is "a lawful de jure free white State Citizen" and is not a citizen of the federal government. *See* Motion to Remand at 2, 3. The Court does not see how this argument is relevant to this Court's

jurisdiction. First, this Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000. Plaintiff has conceded that he was born in Maryland, Complaint at Ex. E, and now resides in California, Motion to Remand at 2. Defendant Central Parking, Inc., is a Tennessee corporation with its principal place of business in Tennessee. Defendants' Notice of Removal at 2. Defendant New South Parking is a Tennessee general partnership comprised of Central Parking, Inc., and Global Parking Systems, LLC, a Louisiana limited liability company. *Id.* Plaintiff does not argue otherwise. In addition, plaintiff seeks over five million dollars in compensatory damages as well as back pay. *See* Complaint at 30-31.

Second, this Court has jurisdiction over this case because plaintiff's complaint, on its face, depends on federal law. Although plaintiff's complaint does not clarify what his causes of action are, it is clear from the face of his complaint that his right to relief depends on federal law. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) ("We have often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law . . . ."). Plaintiff's alleged entitlement to his employment with defendants is based on plaintiff's argument that he is not a citizen of the United States and therefore not required to complete federal forms W-4 and I-9. *See*, *e.g.*, Complaint at 8, 16-18. This citizenship determination, and the mandatory nature of W-4 and I-9 forms, necessarily means that his case arises under federal law. Accordingly, plaintiff's motion to remand is DENIED.

### III. Motion to dismiss

Defendants' have filed a motion to dismiss plaintiff's complaint, and plaintiff has filed a motion to strike defendants' motion. Plaintiff argues that defendants' motion to dismiss is premature, but defendants' motion was filed properly pursuant to Federal Rule of Civil Procedure 12. The Court therefore DENIES plaintiff's motion to strike the motion to dismiss.

The Court agrees with defendants that plaintiff's complaint must be dismissed. The doctrine of

4

*res judicata* "bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir.1994); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979). The doctrine of collateral estoppel, on the other hand, "prevents relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005) (internal quotation marks omitted). A prior federal court decision will have preclusive effect under the doctrine of collateral estoppel where "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Id.* (internal quotation marks omitted). Here, both *res judicata* and collateral estoppel preclude plaintiff from bringing this second lawsuit against defendants. This Court has issued a final judgement on the merits in plaintiff's first lawsuit, which raised similar arguments (i.e. plaintiff's citizenship and reasons why he need not fill out W-4 and I-9 forms), was based on the same underlying facts (i.e. defendants' refusal to hire plaintiff or keep him on the payroll without filling out the forms required by federal law), and featured precisely the same parties. *Henshall v. Central Parking, Inc.*, No. 07-4458 SI. This second lawsuit primarily raises the same issues as were raised in the first lawsuit, such that collateral estoppel bars relitigation of these issues. Plaintiff also asserts some new grounds for relief in the present lawsuit, but these new arguments could have been brought in plaintiff's prior lawsuit, and are thus barred by the doctrine of *res judicata*. Accordingly, the Court GRANTS defendants' motion to dismiss.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS plaintiff's IFP application [Docket Nos. 23 & 41]. The Court also DENIES plaintiff's motion to remand [Docket No. 15] and motion to strike [Docket No. 16], and GRANTS defendants' motion to dismiss [Docket Nos. 8 & 30].

**IT IS SO ORDERED.**

Dated: January 16, 2008

SUSAN ILLSTON
United States District Judge